JOAN MARIE KERN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kern v. Commissioner
Docket No. 16192-84.
United States Tax Court
T.C. Memo 1985-400; 1985 Tax Ct. Memo LEXIS 233; 50 T.C.M. (CCH) 659; T.C.M. (RIA) 85400; August 7, 1985. Joan Marie Kern, pro se. Shirley M. Francis and Janine L. Hook, for the respondent. SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: In a statutory notice dated April 13, 1984, respondent determined a deficiency in the 1980 Federal income tax liability of petitioner and *234 her former husband, Louis J. Kern, in the amount of $12,360, and additions to tax under sections 6651(a) and 6653(a) [1] in the respective amounts of $3,090 and $764. After concessions, the issues to be decided are whether petitioner should be relieved from liability for the deficiency as an innocent spouse under section 6013(e), and whether petitioner is liable for the addition to tax under section 6651(a). FINDINGS OF FACT Some of the facts have been stipulated, and the stipulations of fact are incorporated herein by this reference. At the time she filed her petition, Joan M. Kern (hereinafter referred to as "petitioner") was a resident of Aloha, Oregon. Petitioner married Louis J. Kern (hereinafter referred to as "Louis") in 1968. They separated in 1978, reconciled briefly in 1979, and were divorced in 1981. Petitioner's and Louis' 1980 Federal income tax return originally was due on April 15, 1981, but an automatic extension was granted to June 15, 1981. Louis filed a 1980 Federal income tax return on a joint basis for *235 himself and petitioner on October 20, 1981. He signed petitioner's name on the return. Louis also signed petitioner's name on an amended return for 1980, which he filed on November 4, 1982. The parties have agreed to a deficiency for 1980 in the amount of $6,270. The deficiency is attributable to the recapture of investment tax credits claimed in prior years with respect to property acquired for use in an orchard in Hood River, Oregon, which petitioner and Louis had jointly purchased in 1976 for $279,924.The orchard and related property was sold in 1980 by Louis and petitioner for $400,000. The original and amended returns for 1980 reflected investment tax credit recapture in the respective amounts of $380 and $2,925. Prior to 1981, petitioner and her former husband had filed joint Federal income tax returns and petitioner had always been involved in preparing those returns. In 1981, however, she and Louis were in the final stages of their divorce and were barely communicating. Since Louis had told her that he would file the 1980 joint Federal income tax return for them, in early 1981 petitioner sent him her W-2 wage statements for the year 1980. Later that spring, petitioner *236 asked Louis if the had filed their 1980 return and was told that he had requested an extension of time. Because of the strained nature of their relationship in 1981, petitioner feared that further inquiries by her about the status of their 1980 Federal income tax return would only lead to argument. Relying on her conversations with Louis, petitioner did not again bring up the subject. Prior to receiving a notice of audit in 1982, petitioner had not seen the 1980 Federal income tax return nor the amended Federal income tax return filed by Louis. A property settlement between petitioner and Louis was agreed to in 1980 and became effective in 1981 when their divorce became final. OPINION Petitioner contends that she qualifies as an innocent spouse under section 6013(e) and therefore is not liable for the additional recapture of investment tax credits relating to the 1980 sales of the orchard. Section 6013(e), as amended by the Tax Reform Act of 1984, Pub. L. 98-369, sec. 424(a), 98 Stat. 494, 801, was made retroactively applicable to all pending cases and provides in relevant part as follows: (e) SPOUSE RELIEVED OF LIABILITY IN CERTAIN CASES.-- (1) In General.--Under regulations *237 prescribed by the Secretary, if-- (A) a joint return has been made under this section for a taxable year, (B) on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse, (C) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement, and (D) taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement, then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such substantial understatement. * * * Petitioner argues that she is entitled to relief under section 6013(e) because she did not see the returns for the year at issue before they were filed, and because the proceeds from the sale of the orchard went to her husband. Along with other arguments, respondent contends that even if petitioner otherwise qualified under 6013(e), petitioner has not established that it *238 would be inequitable to hold her liable for the additional recapture of the investment tax credits. We agree with respondent. Petitioner has the burden of proving that she is entitled to relief under section 6013. Welch v. Helvering,290 U.S. 111 (1933); Sonnenborn v. Commissioner,57 T.C. 373, 381-383 (1971); Rule 142(a), Tax Court Rules of Practice and Procedure. As we previously stated-- [I]t must be kept in mind that Congress still regards joint and several liability as an important adjunct to the privilege of filing joint returns, and that if there is to be any relaxation of that rule the taxpayer must comply with the carefully detailed conditions set forth in section 6013(e). * * * [Sonnenborn v. Commissioner,supra,57 T.C. at 381.] Petitioner has not presented sufficient evidence in this proceeding to convince us that it would be inequitable to hold her liable for the increase in the amount of the investment tax credit recapture related to the sale of the orchard. Petitioner contends generally that all of the proceeds from the sale of the orchard were received by Louis pursuant to the property settlement agreement. *239 That agreement, however, was not submitted into evidence, and we assume that petitioner received other assets of similar value from the property settlement in the divorce proceedings. Petitioner has failed to establish that she did not benefit from the fact that the Federal income tax liabilities reported on the original and amended 1980 joint income tax returns were lower than the correct amount due. Also, the Federal tax liabilities of both Louis and petitioner were reduced in the four years prior to 1980 as a result of the investment tax credits claimed with respect to their investments in the orchard and related property. The remaining issue is whether petitioner is liable for the addition to tax under 6651(a), for failure to file timely a tax return. Unless it is shown by petitioner that such failure is due to reasonable cause and not due to willful neglect, the addition is presumed to be correct. Abramo v. Commissioner,78 T.C. 154, 163 (1982). Petitioner has failed to make such a showing. Although petitioner asked Louis once or twice in 1981 whether he had filed their 1980 return, petitioner admits that she decided not to persist in her inquiries because *240 she feared that doing so would lead to an argument. She testified that she had helped prepare their returns in prior years, and that she was aware that she had a choice of filing a separate or joint Federal income tax return for 1980.Having elected the second option, assurances made by Louis that he would file a return on their behalf did not relieve petitioner of the responsibility of ensuring that he timely carried through with that intention. For these reasons, the addition to tax under section 6651(a) is sustained. To reflect concessions by both parties, Decision will be entered for the respondent in the amount of the reduced deficiency.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩