108 F.3d 339
 79 A.F.T.R.2d 97-1122, 97-1 USTC P 50,246
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Elizabeth L. STITELER, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 95-70737.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 13, 1996.
Decided Feb. 14, 1997.
 
 1
 Before: REINHARDT and RYMER, Circuit Judges, and TANNER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Elizabeth Stiteler appeals the Tax Court's decision denying tax relief under the innocent spouse provision, 26 U.S.C. § 6013(e). Her former husband, John Stiteler, invested in tax shelters that the Tax Court disallowed. She argues that the Tax Court erred in finding that it would not be inequitable to hold her liable. We have jurisdiction, 26 U.S.C. § 7482, and affirm.
 
 
 4
 We review the Tax Court's denial of innocent spouse relief for clear error. Guth v. Commissioner, 897 F.2d 441, 443 (9th Cir.1990). Stiteler argues that the Tax Court erred in finding that she derived a significant benefit from the tax deductions, see Treas.Reg. § 1.6013-5, since her lifestyle did not change during the tax years at issue, she did not receive in the divorce settlement the assets that John Stiteler bought with the proceeds of the deductions, and because those assets were valueless anyway when the Stitelers signed their separation agreement. We disagree.
 
 
 5
 The value of Stiteler's half of the divorce settlement necessarily included the value of properties in which her husband invested with proceeds of the tax deductions. It does not matter that she received assets other than those purchased with the tax deduction proceeds in the settlement, as she benefitted from them indirectly nonetheless. Belk v. Commissioner, 93 T.C. 434, 440 (1989); cf. Kern v. Commissioner, 50 T.C.M. (CCH) 659 (1985) (not inequitable to hold spouse liable where she did not receive proceeds of disallowed tax credit, but court assumes, absent other evidence, that she received items of similar value in divorce agreement). Although John Stiteler testified that the "tax shelter partnerships" he kept had nothing but liabilities, he also testified that he invested the proceeds of the disallowed tax deductions on "non tax shelter real estate investments," and there was no evidence that these investments did not figure into the Stitelers' settlement calculus. The Tax Court's finding of significant benefit was not, therefore, clearly erroneous. Cf. Pietromonaco v. C.I.R., 3 F.3d 1342 (1993) (husband did not use tax benefits attributable to understatements to purchase property in which wife received an ownership interest).
 
 
 6
 Nor does it matter whether the Tax Court should have considered Mr. Stiteler's promise to pay any tax liabilities that his wife might incur after their divorce as a result of his investments. See Foley v. Commissioner, 69 T.C.M. (CCH) 1661 (1995). Any error was harmless since there is no evidence that Stiteler could not pay the liability.[1] Since the Tax Court did not clearly err in determining that she is capable of paying, it is immaterial whether her ex-husband can or will do so, given that they are jointly and severally liable.
 
 
 7
 Stiteler's argument that the Tax Court's emphasis on future undue hardship was misplaced fails because she alleged in her petition that she would suffer hardship, and therefore bore the burden of proving it. Welch v. Helvering, 290 U.S. 111, 115 (1933). The Tax Court did not emphasize future hardship to the exclusion of other factors. Nor did it err in disregarding Stiteler's medical problems since there was no evidence that they contributed to financial hardship. See Lauer v. Commissioner, 68 T.C.M. (CCH) 1253 (1994) (holding that illnesses of spouses and their son were not independently relevant under § 6013(e)(1)(D)).
 
 
 8
 In sum, the Tax Court did not clearly err in finding that it would not be inequitable to require Stiteler to pay the taxes that she owes.[2]
 
 
 9
 AFFIRMED.
 
 
 
 *
 Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Stiteler does argue that her lifestyle has not improved and that she did not significantly benefit from the deductions, but she presented no evidence that the $2 million received in the divorce settlement was dissipated
 
 
 [2]
 Because of our disposition, we need not decide whether the deductions were grossly erroneous under 26 U.S.C. § 6013(e)(2)